UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARLOS LONDOÑO,**<br><br>    Plaintiff,<br><br>        v.<br><br>**KRISTI L. A. NOEM, Secretary of Dept. of Homeland Security,**<br><br>    Defendant. | Civil Action No. 24-2271 (JEB) |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Carlos Londoño, a U.S. Customs and Border Protection (CBP) Officer, brought this action alleging that the Department of Homeland Security discriminated against him in connection with his request for a family-hardship transfer from Georgia to South Florida. The Secretary now moves to dismiss this suit for both improper venue and failure to state a claim. As Londoño's claim is untimely, the Court will grant the Motion.

**I.      Background**

Plaintiff held a permanent position as a Second Line GS-13 CBP officer at the National Targeting Center in Herndon, Virginia. See ECF No. 4-2 (Am. Compl.) at 1. On October 18, 2016, while serving a temporary tour of duty as a First Line CBP officer at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, Londoño requested a hardship transfer to Miami to care for his ailing father. Id.; see Am. Compl., Exh. 1 (Transfer Request) at 1. In response, on June 28, 2017, Londoño received a memorandum offering him a position as a GS-12 officer at the Miami International Airport or at Port Everglades in Florida. See Am. Compl. at 1; see also ECF No. 19 (MTD), Exh. 1 (Notice of Right to File a Discrimination

1

Compl.) at 2.  Plaintiff refused because he viewed this position as a "downgrade."  See Am. Compl. at 1.  He was "subsequently offered" a GS-13 position at the same airport once his three-year tour ended at FLETC.  Id.  Although his Complaint is not entirely clear, Londoño apparently accepted this position and now contends that he was "downgraded to a first line supervisor [upon beginning his service in Miami], and that has denied him upward mobility to a GS-14 position" in violation of 19 C.F.R § 825.204(c), which requires that an "alternative position must have equivalent pay and benefits."  Id. at 2.

Londoño first expressed his unhappiness with CBP's initial transfer offer on July 5, 2017, when he contacted Gayle Bowman, FLETC's Alternative Dispute Resolution Program Coordinator, to "get [her] feedback on [his] current situation."  Id., Exh. 3 (Londoño and Bowman Emails) at 1; Am. Compl. at 2.  The next day, Bowman referred him to the EEOC's administrative-grievance process.  See Am. Compl., Exh. 4 (Bowman Referral Email); Am. Compl. at 1.  Londoño then retained counsel and made initial contact with the EEOC on November 21, 2017, alleging that CBP had discriminated against him based on his father's disability in offering him, on June 28, "a Hardship Transfer position at a lower grade" at either the Miami International Airport or at Port Everglades.  See Notice of Right to File a Discrimination Compl. at 1.  Plaintiff was informed on February 15, 2018, by an EEOC counselor that he could file a formal discrimination complaint, id., and did so that day.  See MTD, Exh. 2 (EEO Investigator Acknowledgement of Compl.) at 1.

That complaint was dismissed by the EEOC as untimely, however, see Am. Compl. at 2, which determination was upheld by the agency on November 19, 2018, see MTD, Exh. 3a (Off. of Fed. Operations Decision) at 2–4, and again in response to Plaintiff's request for reconsideration on April 5, 2019.  See MTD, Exh. 3b (EEOC Decision on Request for

2

Reconsideration) at 1–2.  After submitting a series of seemingly unrelated EEOC complaints, Plaintiff filed this discrimination suit on July 24, 2024.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint for failure to state a claim upon which relief may be granted.  In evaluating such a motion to dismiss, courts must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570) — that is, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The court need not accept as true, then, "a legal conclusion couched as a factual allegation," Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)), nor "inferences . . . unsupported by the facts set out in the complaint." Id. (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  And it may consider not only "the facts alleged in the complaint," but also "any documents either attached to or incorporated in the complaint[,] and matters of which [courts] may take judicial notice." Equal Employment Opportunity Commission v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997).

## III.    Analysis

The Government asserts that venue does not lie here and that, in any event, Londoño's discrimination claim is untimely. See MTD at 1. As the Court agrees with the latter point, it avoids discussing the former.

Plaintiff satisfies neither of the two relevant deadlines in this matter. First, he was required to contact an EEOC officer "within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). There are two possible actions that Londoño complains about: the June 28, 2017, transfer offer and the later offer of a permanent position at the Miami Airport after completing his tour at FLETC. See Am. Compl. at 1. As to the latter, Plaintiff did not include any allegations regarding this action in his discrimination complaint to the EEOC, so it cannot be assessed by the Court. See Notice of Right to File a Discrimination Compl. at 1; Off. of Fed. Operations Decision at 1–2; EEOC Decision on Request for Reconsideration at 1. As to the former, Londoño would have had to contact the EEOC within 45 days — i.e., by August 12, 2017. Since he did not do so until November 21, 2017, his complaint was untimely. See Notice of Right to File a Discrimination Compl. at 1. This is precisely what the EEOC thrice decided. See Off. of Fed. Operations Decision at 4; EEOC Decision on Request for Reconsideration. To the extent that Londoño argues that emailing Bowman on July 5, 2017, constituted his first contact with the EEOC, he is mistaken because Bowman is not an EEOC officer, but rather FLETC's Alternative Dispute Resolution Program Coordinator. See, e.g., Londoño and Bowman Emails at 1. Dismissal is thus warranted.

Second and independently, Londoño was required to file this suit within 90 days of his receipt of an EEOC right-to-sue notice or a notice of final agency action. See 42 U.S.C. § 2000e-5(f)(1). Yet he never provides evidence of his receipt of any notice regarding this 2017 disability complaint or that he acted within 90 days of such receipt. To the extent that Plaintiff

4

argues that he received a right-to-sue notice on May 6, 2024, see ECF No. 20 (Opp.) at 2, that notice appears to relate to an entirely different EEOC matter — namely, his April 7, 2020, complaint alleging that CBP discriminated against him based on national origin and age when "he was not selected for one of eight vacancies for the position of Supervisory CBP Officer (Second Line) at Miami International Airport" on January 7, 2020. See MTD, Exh. 4 (EEOC Decision on Appeal from Final Order) at 2.

Alternatively, Londoño points to a Notice of Right to File a Discrimination Complaint that he received from the EEOC on February 2, 2023, as evidence of his timeliness. See Opp. at 2. Yet, this suit was filed more than 90 days later. In any event, that notice arose from a separate EEOC complaint — *i.e.*, his allegation that, on October 21, 2022, he was notified that he would be "assigned to the day shift . . . instead of [his] preferred shift . . . affecting [his] pay differential." Opp., Exh. A (Notice of Right to File a Discrimination Compl.) at 1. Finally, the notice entitled Plaintiff only to file a discrimination complaint under the "statutory EEO complaint process," not to bring suit. Id. Londoño's failure on this score similarly dooms his case.

### IV.     Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order granting Defendant's Motion and dismissing this case without prejudice for failure to state a claim upon which relief may be granted.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: February 19, 2025